NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN RK DOE, *Plaintiff/Appellant*,

*v.*

THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF PHOENIX,
et al., *Defendants/Appellees*.

No. 1 CA-CV 22-0693
FILED 10-26-2023

Appeal from the Superior Court in Maricopa County
No.  CV2020-011601
The Honorable Daniel G. Martin, Judge

**REVERSED AND REMANDED**

COUNSEL

Montoya Lucero & Pastor PA, Phoenix
By Robert E. Pastor
*Co-Counsel for Plaintiff/Appellant*

Jeff Anderson & Associates PA, St. Paul, MN
By Jeffrey R. Anderson
*Co-Counsel for Plaintiff/Appellant*

Ahwatukee Legal Office PC, Phoenix
By David L. Abney
*Co-Counsel for Plaintiff/Appellant*

Lewis Roca Rothgerber Christie LLP, Phoenix
By Nicholas Scott Bauman, John C. Gray
*Co-Counsel for Defendant/Appellee The Roman Catholic Church of the Diocese of Phoenix*

Coppersmith Brockelman PLC, Phoenix
By John C. Kelly
*Co-Counsel for Defendant/Appellee The Roman Catholic Church of the Diocese of Phoenix*

Jones Skelton & Hochuli PLC, Phoenix
By Donald L. Myles, Jr., James J. Osborne, Patrick C. Gorman, Elizabeth B. N. Garcia, Ashley E. Caballero-Daltrey
*Counsel for Defendants/Appellees USA West Province Society of Jesus and Brophy College Preparatory*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

---

**W E I N Z W E I G**, Judge:

¶1        Plaintiff John RK Doe ("Doe") appeals the superior court's order dismissing his amended complaint with prejudice.  We reverse and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Brophy College Preparatory ("Brophy") is a private high school jointly owned, operated and controlled by the Roman Catholic Church of the Diocese of Phoenix ("Diocese") and USA West Province Society of Jesus ("Society").  Reverend James A. Sinnerud was a Jesuit priest who taught at Brophy from 1980 to 1987.  He was employed by Brophy, the Diocese and the Society (collectively, the "Defendants").  Doe attended Brophy as a 13- or 14-year-old freshman in 1986 and 1987.  In this lawsuit, Doe alleges that Sinnerud sexually abused him during that period.

¶3        The Arizona legislature enacted the Arizona Child Victims Act (the "Act") in 2019, which revived the statute of limitations for child victims of sexual abuse to pursue "causes of action" against perpetrators

and non-perpetrators. *See* 2019 Ariz. Sess. Laws, ch. 259, § 3(B) (1st Reg. Sess. 2019) (H.B. 2466). The Act required victims to file their lawsuits on or before December 31, 2020. *Id.*

**¶4** Doe filed a lawsuit against Sinnerud and the Defendants in September 2020. He sued Sinnerud for sexual abuse; sued the Defendants for negligent hiring, training, retention and supervision; and sued Sinnerud and the Defendants for endangerment, breach of fiduciary duty, intentional infliction of emotional distress, child abuse and assault.

**¶5** The original complaint alleged that Sinnerud had sexually abused Doe. It also alleged that Defendants knew of misconduct that created an unreasonable risk of sexual abuse, and that Defendants had a widespread practice to hide clergy sexual abuse, often transferring clergy from location to location after learning about their misconduct. The complaint alleged that happened here, where Defendants transferred Sinnerud to a Nebraska parish after his alleged abuse of Doe in 1987. The complaint added that Sinnerud had been terminated by the Nebraska parish in 2018 after that parish learned about earlier accusations of sexual misconduct against Sinnerud that predated 1987.

**¶6** Doe later filed an amended complaint before the Defendants filed a responsive pleading. This first amended complaint parroted much of the original complaint, but it removed Sinnerud as a defendant and omitted the allegations that the Defendants transferred Sinnerud to a Nebraska parish, and omitted that the Nebraska parish terminated Sinnerud after learning of earlier accusations of sexual abuse.

**¶7** Defendants moved to dismiss the amended complaint under Arizona Rule of Civil Procedure 12(b)(6), arguing that Doe's allegations were conclusory, and that Doe alleged no earlier misconduct by Sinnerud to provide the Defendants with actual knowledge that Sinnerud posed a risk of harm. Doe responded and sought permission from the superior court to file a second amended complaint, which reiterated the amended complaint's allegations. The court denied Doe's motion to amend, describing the proposed amendment as futile, and dismissed his complaint with prejudice. Doe unsuccessfully moved for reconsideration or leave to amend the complaint to include more facts.

**¶8** Doe timely appealed. We have jurisdiction. *See* Ariz. Const. art. 6, § 9; A.R.S. § 12-120.21(A)(1).

**DISCUSSION**

**¶9**        Doe argues the superior court erroneously dismissed his lawsuit with prejudice under Arizona Rule of Civil Procedure 12(b)(6). A motion to dismiss is reviewed de novo. *The Spaulding LLC v. Miller*, 250 Ariz. 383, 386, ¶ 9 (App. 2020). We "assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts," *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012), but will not accept as true "allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts," *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

**¶10**        Doe asserted several claims against Defendants under the Act. That Act revived the limitations period for victims of sexual abuse to pursue "causes of action" involving "sexual conduct or sexual contact" against any non-perpetrators who "knew or otherwise had actual notice of any misconduct that creates an unreasonable risk of sexual conduct or sexual contact with a minor by an employee, a volunteer, a representative or an agent." *See* 2019 Ariz. Sess. Laws, ch. 259 § 3(B), (C) (1st Reg. Sess. 2019) (H.B. 2466).

**¶11**        Doe argues that non-perpetrator defendants need only have actual notice of general misconduct under the Act that created an unreasonable risk of sexual misconduct to the victim. Defendants contend the Act requires non-perpetrator defendants to have known or had actual notice of misconduct by the perpetrator (here, Sinnerud) that created an unreasonable risk. This court has considered that argument and adopted Defendants' interpretation. *See Doe v. Roman Cath. Church of the Diocese of Phx.*, No. 1 CA-CV 22-0143, 2023 WL 4241197, at *6, ¶ 30 (App. 2023); *see also Doe v. Byzantine Cath. Diocese of Parma*, No. CV-21-01424, 2022 WL 1664282, at *3 (D. Ariz. May 25, 2022). The Act requires Doe to allege and prove the Defendants had actual knowledge that Sinnerud himself posed an unreasonable risk of sexual conduct with a minor.

**¶12**        That said, the superior court erroneously dismissed Doe's claims with prejudice because Doe's amended complaint included enough allegations to state a claim for relief and take discovery. In particular, Doe's first amended complaint alleged that (1) Sinnerud had sexually abused Doe, (2) Defendants knew about misconduct by Sinnerud that created an unreasonable risk of sexual abuse, (3) Defendants had an internal policy to hide allegations of clergy sexual abuse and often transferred clergy from location to location after learning about their misconduct, and (4) Bishop

Thomas J. O'Brien conceded in a May 2003 written agreement that Defendants "allowed Roman Catholic priests under [his] supervision to work with minors after becoming aware of allegations of sexual misconduct," and that "priests who had allegations of sexual misconduct made against them were transferred to ministries without full disclosure to their supervisor or to the community in which they were assigned." These allegations offered the Defendants "fair notice" of the basis for the lawsuit. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 4 (2008) (citation omitted).

¶13 Defendants contend the complaint was properly dismissed with prejudice because it "fail[ed] to identify any prior misconduct by Father Sinnerud, and instead relies on generalized allegations of misconduct within the Catholic Church and conclusions of law that are not properly considered by the Court." But the Act includes no heightened pleading requirement, and Arizona Rule of Civil Procedure 9(b) directs that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Beyond that, the complaint alleged that Defendants hid all allegations of clergy sexual abuse, which would impair Doe's ability to marshal proof of actual knowledge before discovery had begun.

¶14 Defendants also rely on *Verduzco v. Am. Valet*, 240 Ariz. 221, 225, ¶ 9 (App. 2016) (citation omitted), but their reliance is misplaced because *Verduzco*, too, provides that "knowledge, and other condition of mind of a person may be averred generally."

¶15 Because the superior court erroneously dismissed Doe's lawsuit with prejudice, we reverse and remand. Given our decision, we need not reach Doe's arguments about vicarious liability and punitive damages.

## CONCLUSION

¶16 We reverse and remand. As the successful party on appeal, we grant Doe's reasonable costs on appeal upon compliance with ARCAP 21.